IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLYDE E. MEASE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-271 (KAJ) |
| | ) | |
| v. | ) | |
| | ) | Trial By Jury Demanded |
| WILMINGTON TRUST COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S NOTICE OF AMENDMENT PURSUANT TO RULE 15(a)**

PLEASE TAKE NOTICE, that the Plaintiff, pursuant to the provisions of Rule 15(a), Federal Rules of Civil Procedure, amends the Complaint in the form attached hereto as a matter of right, the defendants having not filed a responsive pleading to the complaint.

ABER, GOLDLUST, BAKER & OVER

 /s/ Gary W. Aber
GARY W. ABER (DSB #754)
First Federal Plaza, Suite 600
702 King Street, P.O. Box 1675
Wilmington, DE  19899
302-472-4900

DATED:  June 27, 2006                   Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLYDE E. MEASE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-271 (KAJ) |
| | ) | |
| v. | ) | |
| | ) | Trial By Jury Demanded |
| WILMINGTON TRUST COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

### THE PARTIES

1. The plaintiff, Clyde E. Mease, Jr. (hereinafter referred to as "plaintiff") is a citizen of the Commonwealth of Pennsylvania.

2. The defendant, Wilmington Trust Company, is a corporation organized and existing under the laws of the State of Delaware, whose agent for service of process is Wilmington Trust Company, 1100 N. Market Street, Rodney Square North, Corporate Administration, Wilmington, DE 19801.

### JURISDICTION

3. Jurisdiction is conferred upon this Court pursuant to the provisions of 28 U.S.C. §§1331 and 1343, in that the matter in controversy arises, in part, under the laws of the United States of America.

4. This action is brought pursuant to the provisions of the "Age Discrimination Employment Act of 1967", as amended 29 U.S.C. §621 et.seq., and the provisions of 19 Del.C. §711, and the Common Law of the State of Delaware.

5. This Court has supplemental jurisdiction to hear the matters arising under the laws of the State of Delaware, pursuant to 28 U.S.C. §1367.

6. Jurisdiction is further vested in this Court, pursuant to the provisions of 28 U.S.C. §1332, based upon the diversity of citizenship of the parties, in that the acts which give rise to this matter occurred in the State of Delaware, between a resident of the Commonwealth of Pennsylvania, and a resident of the State of Delaware, and the amount of the controversy exceeds $75,000.

7. Venue in this Court is proper under the provisions of 28 U.S.C. §1391, since the defendant reside within the State of Delaware, and contractual obligations between the parties require all litigation to occur within the State of Delaware.

## EXHAUSTION OF REMEDIES

8. Prior to the filing of this action, the plaintiff timely filed a charge of age discrimination with the Delaware Department of Labor (attached hereto as Exhibit No. 1), which constituted a simultaneous filing with the Equal Employment Opportunity Commission. On April 1, 2005, with the Delaware Department of Labor issuing its "Final Determination and Right to Sue Notice" on January 31, 2006 (Attached hereto as Exhibit No. 2).

## FACTS

9. The plaintiff is a male citizen of the United States whose date of birth is April 4, 1950, which, on the date of the violations stated herein, indicates that he was 54 years of age.

10. The plaintiff has been employed by the defendant since December 27, 1983, most recently as a Vice-President.

11.     At all times relevant, prior to the date of the plaintiff's termination, the plaintiff's work was evaluated as excellent.

12.     On or about December 2, 2004, the plaintiff was terminated for what was allegedly described as violations of policies and procedures of the defendant, without specifying and/or describing the nature of any such violations, nor with an opportunity to respond to the allegations.

13.     Soon after the plaintiff's termination of employment his work was allocated among co-workers, who were either substantially younger that the plaintiff, or were less than forty (40) years of age, and who would derive a financial benefit from such transfer.

14.     Subsequent to his termination, the plaintiff applied for unemployment benefits under the laws of the State of Delaware.

15.     On or about March 14, 2005, the Delaware Department of Labor issued a determination that he was entitled to unemployment benefits, finding that the claimant was discharged from work without just cause or in connection with his work.  Such a decision was based upon the defendant's failure to present any specific evidence supporting its claims at the hearing and refusing to identify, with any specificity, the nature of the facts supporting its claims of violations of company policy by the plaintiff, such a failure demonstrating its actions were in  bad faith and intentional and willful conduct.

16.     The termination of the plaintiff's employment, based upon the charge that he violated the defendant's policies and procedures was a pretext for age discrimination in that they terminated his employment at the time his age being 54 years of age, while

other employees, substantially younger than the plaintiff were allocated his duties and job responsibilities.

17. As a direct and proximate result of the discriminatory conduct of the defendant, the plaintiff has lost in the past, and will lose in the future large sums of income and suffer damage to his earning capacity.

## COUNT I

### Discrimination Under 29 U.S.C. §621 et.seq.

18. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 17.

19. The actions of the defendant in terminating the employment of the plaintiff was a result of discriminatory animus based upon the plaintiff's age, in violation of 29 U.S.C. §621 et.seq.

20. The actions of the defendant as described herein were willful.

## COUNT II

### Discrimination Under 19 Del.C. §711

21. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 19.

22. As a direct and proximate result of the conduct of the defendant, described herein, the plaintiff has suffered, and will continue to suffer great pain and mental anguish.

23. The actions of the defendant as described herein were the result of discrimination based upon the plaintiff's age, in violation of 19 Del.C. §711, et.seq.

## **COUNT III**

### **Breach of the Covenant of Good Faith and Fair Dealing**

<u>24</u>.     The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 23.

<u>25</u>.     The defendant's removal of the plaintiff was arbitrary and unreasonable in an effort to prevent him from obtaining the fruits of the contractual agreement between the plaintiff and the defendant.

<u>26</u>.     The defendant's termination of the plaintiff was based upon fraud, deceit, or misrepresentation for the purpose of preventing him from obtaining benefits due him under the contract with the defendant.

WHEREFORE, the plaintiff requests this Court to:

a.     Enter a judgment against the defendant.

b.     Enter a declaratory judgment stating that the actions of the defendant are in violation of the plaintiff's rights.

c.     Enter a judgment against the defendant for compensatory damages, including lost wages.

d.     Enter a judgment against the defendant for liquidated damages as provided by 29 <u>U.S.C.</u> §621 et.seq.

e.     Grant Injunctive relief to the plaintiff restoring his employment.

f.     Award the plaintiff the cost, interest, and attorney fees for this lawsuit.

g.     Award such other and further relief as this Court deems just and appropriate.

                                      ABER, GOLDLUST, BAKER & OVER

                                        /s/ Gary W. Aber
                                      GARY W. ABER (DSB #754)
                                      First Federal Plaza, Suite 600
                                      702 King Street, P.O. Box 1675
                                      Wilmington, DE  19899
                                      302-472-4900
DATED:  June 27, 2006             Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that two copies of the attached pleading were hand delivered to the following counsel on June 27, 2006:

>Sheldon N. Sandler, Esquire
>Young, Conaway, Stargatt & Taylor
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE  19899

>>/s/ Melissa A. Chionchio
>>Melissa A. Chionchio
>>Secretary to Gary W. Aber, Esquire