IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLYDE E. MEASE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-271-SLR |
| | ) |
| WILMINGTON TRUST COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 26th day of March, 2007, having reviewed defendant's motion to dismiss, and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 3) is granted, for the reasons that follow:

1. **Background.** On or about December 2, 2004, plaintiff was terminated from his employment with defendant. Plaintiff asserts in the instant litigation that such termination was a pretext for age discrimination, in violation of the "Age Discrimination Employment Act of 1967", as amended, 29 U.S.C. §§ 621 et seq. Plaintiff further asserts that he was terminated in violation of 19 Del. C. § 711 and of the common law of the State of Delaware, more particularly, the covenant of good faith and fair dealing (the "State law claims"). (D.I. 7) Defendant has moved to dismiss the State law claims.

2. **Standard of review.** In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiffs. See Trump Hotels & Casino

Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiffs cannot demonstrate any set of facts that would entitle them to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

3. **Analysis.** Plaintiff argues that this court has jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367(a), which provides in relevant part that,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

A district court may decline to exercise supplemental jurisdiction, however, if "the claim raises a novel or complex issue of State law, . . . or [ ] in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1), (4).

4. Defendant asserts that the court should decline to exercise supplemental jurisdiction over the State law claims in order to preserve the integrity of Delaware's statutory scheme related to employment discrimination, pursuant to the Delaware Discrimination in Employment Act, 19 Del. C. §§ 710-718 ("the DDEA"). Section 711 of the DDEA identifies as an unlawful employment practice, inter alia, the discharge of an

individual because of such individual's "age," defined in § 710(1) as "the age of 40 or more years of age." Section 710(2) defines the term "charging party" as "any individual . . . who initiates proceedings by the filing of a verified charge of discrimination, and who preserves a cause of action in Superior Court by exhausting the administrative remedies pursuant to the provisions of § 714 of this title." Section 714, in turn, provides the following:

> (a) A charging party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.
>
> * * *
>
> (c) The charging party **shall elect a Delaware or federal forum** to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A charging party is barred by this **election of remedies** from filing cases in both Superior Court and the federal forum. If the charging party files in Superior Court and in a federal forum, the respondent may file an application to dismiss the Superior Court action under this **election of remedies** provision.

(emphasis added) Finally, § 715(1)(c) provides for "the payment of compensatory damages, including but not limited to general and special damages, punitive damages when appropriate, not to exceed the damage awards allowable under Title VII of the Civil Right Act of 1964 [42 U.S.C. § 2000e et seq.] . . . ."

    5. In addition to his claim under the DDEA, plaintiff has sued defendant for breach of the covenant of good faith and fair dealing. At common law, employment in Delaware is considered at will except where, among other exceptions, the termination violates public policy. See Lord v. Souder, 748 A.2d 393, 400 (Del. 2000). Although the covenant of good faith and fair dealing is still recognized in Delaware, its viability in employment discrimination cases has been brought into question by a series of

decisions issued by this court, among others. See, e.g., Wilcoxon v. Red Clay Consol. Sch. Dist., 437 F. Supp. 2d 235, 246-47 (D. Del. 2006); Moon v. Del. River & Bay Auth., No. 05-261, 2006 WL 462551, at *4 (D. Del. Feb. 24, 2006); see also E.E.O.C. v. Avecia, Inc., 151 Fed. App'x 162 (3d Cir. 2005) (amended statute barred a state law claim for breach of the covenant of good faith and fair dealing). In addressing the DDEA, this court reasoned as follows:

> In 2004, the Delaware legislature amended the statute concerning employment discrimination, stating that the statute was the "sole remedy for claims alleging a violation of this subchapter to the exclusion of all other remedies." 19 Del. C. § 712(b) (2005). The synopsis of the Senate Bill expressly supercedes the [Delaware Supreme Court's] holding in Schuster [v. Derocili, 775 A.2d 1029 Del. 2001)], stating, "This bill is the exclusive and sole remedy for employment discrimination claims, requiring initial processing of all such claims with the Department of Labor for review and action. This bill effectively re-establishes the exclusive remedy put in question by the decision in Schuster v. Derocili . . . ." Delaware Bill Summary, 2004 Reg. Sess. S.B. 154.

Wilcoxon, 437 F. Supp. 2d at 247.

6. Plaintiff at bar has chosen the federal forum, but wants to take advantage of the State remedies.[1] Given the State of Delaware's legislative mandate expressed in 19 Del. C. § 714(c), however, plaintiff has made an "election of remedies," not just an election of forum. Accordingly, the court declines to exercise supplemental jurisdiction over plaintiff's State law claims, pursuant to 28 U.S.C. § 1367(c)(4), as the clear language of the DDEA and the case law interpreting it present compelling reasons for

---

[1] Plaintiff concedes that the DDEA "provides additional rights and remedies not available under Federal Law," such as the right to recover "general damages, including pain and suffering." (D.I. 5 at 11)

4

such declination. Counts II and III, therefore, are dismissed.[2]

                                                                                                     /s/ Sue L. Robinson
                                                                                                     United States District Judge

---

[2]The court notes that plaintiff based all of his claims on the same set of facts. (D.I. 7)