IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLYDE E. MEASE, JR., ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 06-271 (SLR) |
| ) | |
| v. ) | |
| ) | Trial By Jury Demanded |
| WILMINGTON TRUST COMPANY ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

The plaintiff in the above captioned matter, pursuant to the provisions of Rule 59(e), *Federal Rules of Civil Procedure* and *L.R.7.1.5*, requests the Court to reconsider its Decision and Order entered in the above captioned matter on March 26, 2007 (Dk. 16). The basis for this motion is as follows:

1. The plaintiff, in making the request to the Court to reconsider its Order in this matter, is fully cognizant of the limited basis for such reconsideration or re-argument, as recently explained by this Court in *Awala v. Durkin*, 2007 WL 120081 (D. Del. 2007). This motion is not being made as a means to re-argue facts or issues already decided by the Court, but rather, because the Court may have misunderstood the status of this matter.

2. The Complaint in this matter was filed on April 26, 2006 (Dk.1). Rather than file an answer, the defendant filed a Motion to Dismiss, with a brief on May 15, 2006 (Dk. 3 & 4). An answering brief to the Motion to Dismiss was filed on June 2, 2006 (Dk. 5), and a reply brief was filed by the defendant on June 9, 2006 (Dk. 6).

The Motion to Dismiss by the plaintiff, as reflected in this Court's Memorandum Order, was premised on the argument that this Court did not have supplemental jurisdiction, under 28 U.S.C. §1367(a). It was upon that basis that this matter was briefed.

3. After briefing was completed, on June 27, 2006, an Amended Complaint was filed by the plaintiff (Dk. 7) asserting as an additional basis of jurisdiction the diversity of citizenship of the parties, pursuant to 28 U.S.C. §1332 (Amended Complaint, ¶6; Exhibit No. 1, attached hereto).[1]

4. On July 19, 2006 the defendant filed an answer to the amended complaint (Dk. 8), prior to the Court's decision on the pending motion to dismiss, admitting this Court had diversity jurisdiction (Answer, ¶6; Attached as Ex. No. 2)

5. As a result of the filing of the amended complaint, where diversity jurisdiction was admitted by the defendant, this Court does have jurisdiction over the plaintiff's State claims by reason of diversity jurisdiction, even if it does not choose to exercise its supplemental jurisdiction.

6. Count III of the complaint alleges a breach of the "covenant of good faith and fair dealing" in this matter. In the Court's decision, the Court correctly states that "...while that theory is still recognized in Delaware, its viability in employment

---

[1] To the extent that that the Court was not adequately made aware of the Amended Complaint in this matter the plaintiff apologizes. It is the plaintiff's recollection that during the scheduling conference in this matter, held on November 8, 2006, that the matter of the Amended Complaint was mentioned. Plaintiff has attempted to obtain a transcript of that scheduling conference, but the minute docket entry for November 8, 2006 indicates that a Court reporter was "not available" (Court Reporter n/a).

discrimination cases has been brought into question by a series of decisions issued by this Court...". (citations omitted).

7. The allegations in the complaint include that the defendant's removal of the plaintiff was "...an effort to prevent him from obtaining the fruits of the contractual agreement between the plaintiff and defendant." (Complaint, ¶25), and that the defendant's termination of the plaintiff was "...based upon fraud, deceit or misrepresentation..." (Complaint, ¶26),

8. The allegations in ¶25 and ¶26 are grounds upon which Delaware recognizes the covenant of good faith and fair dealing, *Pressman v. E.I.DuPont De Nemours & Co.*, 679 A.2d 436 (Del. 1997). There, the Court recognized that exceptions to the employment at will doctrine, based upon the "covenant of good faith and fair dealing", where an employer uses its superior bargaining power to deprive the employee of compensation that is identifiable and related to the employee's past service (*Id.* at p. 442). The Court also recognized that the covenant would apply in situations where an employer, through "...bad faith or unfair dealing achieved by deceit or misrepresentation in falsifying or manipulating records to create fictitious grounds to terminate employment." (*Id.* at 443-444).

9. In submitting a claim for a breach of the covenant of good faith and fair dealing, the plaintiff never intended that it be used as a secondary basis to allege employment discrimination. To the extent that the Court understood that purpose, it appropriately dismissed the covenant. However, allegations of Count III are based on a theory supported by Delaware law, *Pressman v. E.I. DuPont De Nemours & Co*, supra. If the evidence, revealed during discovery shows that the plaintiff was dismissed, not for

age discrimination, but for other improper reasons, through fraud deceit and/or misrepresentation, by falsifying employment records, then there would be a basis under Delaware State law for relief, independent of age discrimination.

10. However, a dismissal of Count III at this stage, before the facts can be developed during discovery is premature, since, if there are any set of facts under which the plaintiff could obtain relief, a motion to dismiss would be inappropriate. *Mease v. Wilmington Trust Co.*, C.A. No. 06-271 (SLR), ¶2 (D.Del. March 26, 2007).

11. The plaintiff, as stated above, concedes that the recovery under Count III of the complaint would not be allowed as a secondary means of relief for age discrimination. However, if the evidence developed during discovery shows that there are other reasons, other than age discrimination for his dismissal, that fall within the covenant of good faith and fair dealing, then this Court would still have jurisdiction over that state claim based upon its diversity jurisdiction.

WHEREFORE, the plaintiff requests this Court to reconsider its decision of March 26, 2007 and reinstate Count III of the Complaint.

ABER, GOLDLUST, BAKER & OVER

/s/ Gary W. Aber
GARY W. ABER (DSB #754)
First Federal Plaza, Suite 600
702 King Street, P.O. Box 1675
Wilmington, DE 19899
302-472-4900
Attorney for Plaintiff

DATED: March 30, 2007

# EXHIBIT 1

Case 1:06-cv-00271-SLR    Document 18    Filed 03/30/2007    Page 5 of 16

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLYDE E. MEASE, JR., | ) |
| Plaintiff, | ) C.A. No.: 06-271 (KAJ) |
| v. | ) |
| WILMINGTON TRUST COMPANY | ) Trial By Jury Demanded |
| Defendant. | ) |

## AMENDED COMPLAINT

### THE PARTIES

1.  The plaintiff, Clyde E. Mease, Jr. (hereinafter referred to as "plaintiff") is a citizen of the Commonwealth of Pennsylvania.

2.  The defendant, Wilmington Trust Company, is a corporation organized and existing under the laws of the State of Delaware, whose agent for service of process is Wilmington Trust Company, 1100 N. Market Street, Rodney Square North, Corporate Administration, Wilmington, DE 19801.

### JURISDICTION

3.  Jurisdiction is conferred upon this Court pursuant to the provisions of 28 U.S.C. §§1331 and 1343, in that the matter in controversy arises, in part, under the laws of the United States of America.

4.  This action is brought pursuant to the provisions of the "Age Discrimination Employment Act of 1967", as amended 29 U.S.C. §621 et.seq., and the provisions of 19 Del.C. §711, and the Common Law of the State of Delaware.

5. This Court has supplemental jurisdiction to hear the matters arising under the laws of the State of Delaware, pursuant to 28 U.S.C. §1367.

6. <u>Jurisdiction is further vested in this Court, pursuant to the provisions of 28 U.S.C. §1332, based upon the diversity of citizenship of the parties, in that the acts which give rise to this matter occurred in the State of Delaware, between a resident of the Commonwealth of Pennsylvania, and a resident of the State of Delaware, and the amount of the controversy exceeds $75,000.</u>

7. Venue in this Court is proper under the provisions of 28 U.S.C. §1391, since the defendant reside within the State of Delaware, and contractual obligations between the parties require all litigation to occur within the State of Delaware.

## EXHAUSTION OF REMEDIES

8. Prior to the filing of this action, the plaintiff timely filed a charge of age discrimination with the Delaware Department of Labor (attached hereto as Exhibit No. 1), which constituted a simultaneous filing with the Equal Employment Opportunity Commission. On April 1, 2005, with the Delaware Department of Labor issuing its "Final Determination and Right to Sue Notice" on January 31, 2006 (Attached hereto as Exhibit No. 2).

## FACTS

9. The plaintiff is a male citizen of the United States whose date of birth is April 4, 1950, which, on the date of the violations stated herein, indicates that he was 54 years of age.

10. The plaintiff has been employed by the defendant since December 27, 1983, most recently as a Vice-President.

11. At all times relevant, prior to the date of the plaintiff's termination, the plaintiff's work was evaluated as excellent.

12. On or about December 2, 2004, the plaintiff was terminated for what was allegedly described as violations of policies and procedures of the defendant, without specifying and/or describing the nature of any such violations, nor with an opportunity to respond to the allegations.

13. Soon after the plaintiff's termination of employment his work was allocated among co-workers, who were either substantially younger that the plaintiff, or were less than forty (40) years of age, and who would derive a financial benefit from such transfer.

14. Subsequent to his termination, the plaintiff applied for unemployment benefits under the laws of the State of Delaware.

15. On or about March 14, 2005, the Delaware Department of Labor issued a determination that he was entitled to unemployment benefits, finding that the claimant was discharged from work without just cause or in connection with his work. Such a decision was based upon the defendant's failure to present any specific evidence supporting its claims at the hearing and refusing to identify, with any specificity, the nature of the facts supporting its claims of violations of company policy by the plaintiff, such a failure demonstrating its actions were in bad faith and intentional and willful conduct.

16. The termination of the plaintiff's employment, based upon the charge that he violated the defendant's policies and procedures was a pretext for age discrimination in that they terminated his employment at the time his age being 54 years of age, while

other employees, substantially younger than the plaintiff were allocated his duties and job responsibilities.

17.  As a direct and proximate result of the discriminatory conduct of the defendant, the plaintiff has lost in the past, and will lose in the future large sums of income and suffer damage to his earning capacity.

## COUNT I

### Discrimination Under 29 U.S.C.§621 et.seq.

18.  The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 17.

19.  The actions of the defendant in terminating the employment of the plaintiff was a result of discriminatory animus based upon the plaintiff's age, in violation of 29 U.S.C. §621 et.seq.

20.  The actions of the defendant as described herein were willful.

## COUNT II

### Discrimination Under 19 Del.C. §711

21.  The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 19.

22.  As a direct and proximate result of the conduct of the defendant, described herein, the plaintiff has suffered, and will continue to suffer great pain and mental anguish.

23.  The actions of the defendant as described herein were the result of discrimination based upon the plaintiff's age, in violation of 19 Del.C. §711, et.seq.

## COUNT III

### Breach of the Covenant of Good Faith and Fair Dealing

24. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 23.

25. The defendant's removal of the plaintiff was arbitrary and unreasonable in an effort to prevent him from obtaining the fruits of the contractual agreement between the plaintiff and the defendant.

26. The defendant's termination of the plaintiff was based upon fraud, deceit, or misrepresentation for the purpose of preventing him from obtaining benefits due him under the contract with the defendant.

WHEREFORE, the plaintiff requests this Court to:

a. Enter a judgment against the defendant.

b. Enter a declaratory judgment stating that the actions of the defendant are in violation of the plaintiff's rights.

c. Enter a judgment against the defendant for compensatory damages, including lost wages.

d. Enter a judgment against the defendant for liquidated damages as provided by 29 U.S.C. §621 et.seq.

e. Grant Injunctive relief to the plaintiff restoring his employment.

f. Award the plaintiff the cost, interest, and attorney fees for this lawsuit.

g. Award such other and further relief as this Court deems just and appropriate.

                                  ABER, GOLDLUST, BAKER & OVER

                                  /s/ Gary W. Aber
                                GARY W. ABER (DSB #754)
                                First Federal Plaza, Suite 600
                                702 King Street, P.O. Box 1675
                                Wilmington, DE  19899
                                302-472-4900
DATED:  June 27, 2006             Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that two copies of the attached pleading were hand delivered to the following counsel on June 27, 2006:

>Sheldon N. Sandler, Esquire
>Young, Conaway, Stargatt & Taylor
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE  19899

>/s/ Melissa A. Chionchio
>Melissa A. Chionchio
>Secretary to Gary W. Aber, Esquire

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLYDE E. MEASE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-271-SLR |
| v. ) | |
| ) | |
| WILMINGTON TRUST COMPANY ) | Trial By Jury Demanded |
| ) | |
| Defendant. ) | |

## ANSWER TO AMENDED COMPLAINT

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied.

6. Admitted.

7. Admitted that venue in this Court is proper. Otherwise denied.

8. Admitted.

9. Denied that any violations occurred. Otherwise admitted.

10. Admitted that Plaintiff was employed as a Vice-President by Defendant since December 27, 1983.

11. Denied.

12. Admitted that Plaintiff was terminated on December 2, 2004. Otherwise denied.

13. Denied.

14. Admitted.

15. The Determination speaks for itself.

16. Denied.

17. Denied.

18. Defendant incorporates herein its answers to paragraphs 1 through 17.

19. Denied.

20. Denied.

21. Defendant incorporates herein its answers to paragraphs 1 through 20.

22. Denied.

23. Denied.

24. Defendant incorporates herein its answers to paragraphs 1 through 23.

25. Denied.

26. Denied.

## AFFIRMATIVE DEFENSES

27. Plaintiff was terminated for reasonable factors other than age.

28. With respect to some or all of the causes of action relied on, Plaintiff has failed to state a claim upon which relief can be granted.

29. To the extent Plaintiff's claims were not the subject of a timely filed charge of discrimination, Plaintiff's ADEA and state discrimination statute claims are barred for failure to exhaust administrative remedies.

30. To the extent that Plaintiff has failed to mitigate his damages, he is barred from recovery from Defendant.

31. This Court does not have jurisdiction over Count II since Plaintiff has elected to pursue his federal remedy.

32. This Court does not have jurisdiction over Count III since the enactment of the amendments to 19 Del. C. §711, et seq. have preempted the field.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Sheldon N. Sandler_

Sheldon N. Sandler, Esquire (No. 245)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendant

July 19, 2006

## CERTIFICATE OF SERVICE

I, **Sheldon N. Sandler, Esquire**, hereby certify that on **Wednesday, July 19, 2006**, I electronically filed a true and correct copy of the foregoing **Answer to Amended Complaint** which will send notification that such filing is available for viewing and downloading to the following counsel of record. A courtesy copy of such **Answer to Amended Complaint** was also hand delivered to the following counsel of record on this date.

    Gary W. Aber, Esquire
    Aber, Goldlust, Baker & Over
    702 King Street, Suite 600
    P.O. Box 1675
    Wilmington, DE 19899-1675

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Sheldon N. Sandler

Sheldon N. Sandler, Esquire (No. 0245)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
Email: ssandler@ycst.com
Attorneys for Defendant

DATED:    July 19, 2006