IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLYDE E. MEASE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-271-SLR |
| v. | ) | |
| | ) | |
| WILMINGTON TRUST COMPANY | ) | Trial By Jury Demanded |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff has filed a motion for reargument of the Court's decision and order dated March 26, 2007, which he has denominated a "motion for reconsideration." This is Defendant's response to that motion.

**SINCE PLAINTIFF HAS ELECTED HIS FEDERAL REMEDY, HIS CLAIM UNDER THE DELAWARE DISCRIMINATION STATUTE WAS PROPERLY DISMISSED.**

Plaintiff has misunderstood the basis of the Court's ruling. In dismissing the Plaintiff's state law claims, the Court relied on the fact that as a result of the amendments to the Delaware Discrimination in Employment Act, 19 Del. C. §710-718, the Plaintiff was faced with the choice of either pursuing his remedy under the state statute or pursuing his federal remedy. As the Court explained, "Plaintiff has made an 'election of remedies' not just an election of forum." *Slip op. 4.* Thus, the mere fact that the Court has diversity jurisdiction is immaterial, and since the Plaintiff has invoked the Age Discrimination In Employment Act, a federal remedy, the Court correctly ruled that his state statutory claim must be dismissed.

1

### THE COURT CORRECTLY RULED THAT PLAINTIFF'S IMPLIED COVENANT COUNT SHOULD BE DISMISSED.

In Count III of his Amended Complaint, alleging a breach of the common law implied covenant of good faith and fair dealing, Plaintiff incorporated by reference his allegations of age discrimination. *See*, Par. *24.* In view of those discrimination claims, the Court ruled correctly that the amended Delaware Discrimination in Employment Act, 19 Del. C. §710-718, is the exclusive remedy for discrimination claims and implied covenant claims in that context are no longer viable. *Slip op. 3-4.*

In his motion for reconsideration, Plaintiff attempts to avoid the effect of the Court's ruling by recharacterizing the nature of his implied covenant claim, but his representations are not supported by the averments in his Amended Complaint. In paragraphs 25 and 26 of his Amended Complaint, Plaintiff stated in conclusory fashion that he was terminated to deny him "the fruits of the contractual agreement between the plaintiff and the defendant" and that his termination "was based upon fraud, deceit, or misrepresentation for the purpose of preventing him from obtaining benefits due him under the contract with the defendant." Neither of these paragraphs, nor any other factual allegations in the Amended Complaint, alleges what the Motion for Reconsideration now claims was the underlying implied covenant allegation, *viz.*, that the Defendant supposedly "falsified employment records," as stated in paragraph 9 of the Motion for Reconsideration. This entirely new contention now seems to be the basis on which Plaintiff relies. Since the Amended Complaint did not make any such averment, and an Answer has already been filed, the Court correctly dismissed the common law implied covenant claim.

In addition, Delaware cases on the implied covenant have held that the Delaware analogue to FRCP Rule 9 (b) requires that since an implied covenant claim "'requires some aspect of fraud, deceit, or misrepresentation' [i]n order to maintain an action for fraud, a claimant

2

must plead such claim with sufficient particularity pursuant to Super. Ct. Civ. R. 9 (b)." *Lankford v. Scala*, 1995 Del Super. LEXIS 115, *9 (Feb. 28, 1995); *Shockley v. General Foods Corporation*, Del. Supr., 560 A.2d 491 (1989)("Plaintiff failed to allege facts of fraud, deceit or misrepresentation sufficient to state a claim for relief."); *Peterson v. Beebe Medical Center, Inc.*, Del. Supr., 1993 Del. LEXIS 142 (March 24, 1993)(same). Nothing in the Amended Complaint provides the specific facts that Plaintiff claims constituted the supposed "fraud." The state law statutory and common law claims were correctly dismissed.

        Respectfully submitted,

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Sheldon N. Sandler*
        Sheldon N. Sandler (No. 245)
        The Brandywine Building, 17th Floor
        1000 West Street, P.O. Box 391
        Wilmington, Delaware 19899-0391
        Telephone: (302) 571-6673
        Facsimile: (302) 576-3330
        ssandler@ycst.com
        Attorneys for Defendant

Dated: April 5, 2007