IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLYDE E. MEASE, JR., | ) |
| | ) |
| Plaintiff, | ) C.A. No.: 06-271 (SLR) |
| | ) |
| v. | ) |
| | ) Trial By Jury Demanded |
| WILMINGTON TRUST COMPANY | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

This memorandum is submitted, solely because the defendant argued for the first time that a basis for this Court's dismissal of Count III (Breach of the Covenant of Good Faith and Fair Dealing) sould be the failure to plead fraud with particularity. Such an argument has never previously been made in this matter, and this reply memorandum is limited solely to that issue.

1.  In "Defendant's Response to Plaintiff's Motion for Reconsideration", for the first time, argues that a basis for this Court to dismiss Count III "Covenant of Good Faith and Fair Dealing" that nothing in the Amended Complaint provides the specific facts of the plaintiff's claim constitute a supposed 'fraud'". (Defendant's Motion p. 3).

2.  The "facts" alleged in the complaint, in ¶¶9-17, reveal the following:

    --Plaintiff was employed as a vice-president by defendant (¶10).

    --Plaintiff's work was evaluated as excellent (¶11).

    --Plaintiff was terminated allegedly for violations of policies and procedures of the defendant, but the nature of such violations were never described. (¶12).

    --Plaintiff applied for unemployment benefits under the laws of the State of Delaware (¶15).

> --Plaintiff was awarded unemployment benefits, based upon the defendant's failure to present any evidence supporting its claims as to the nature of the violations of company policy, demonstrating that its actions in terminating the plaintiff were done in bad faith, intentionally, or as willful conduct (¶ 15).

3.  The allegations in Count III "Breach of the Covenant of Good Faith and Fair Dealing" specifically state that the defendant's termination was based upon fraud, deceit, or misrepresentation (¶26).

4.  The allegations in the complaint show factually that the plaintiff was discharged for allegedly violating the "unspecified policies and procedures of the defendant", but, when the defendant was called upon to support such allegations before the Delaware Department of Labor, in plaintiff's unemployment application, the defendant was unable to provide any factual basis for those allegations, creating the clear inference that the alleged grounds for plaintiff's termination were false.

5.  Creating false grounds to justify the termination of the plaintiff, that is, of alleging violations of policies and procedures of the defendant, when none occurred, would be the wrongful conduct prohibited by E.I. DuPont De Nemours & Co v. Pressman, 679 A.2d 436 (Del. 1996). There, the Court stated that the covenant would apply:

> "To an act or acts of the employer manifesting bad faith or unfair dealing achieved by deceit or misrepresentation in falsifying or manipulating records to create fictitious grounds to terminate employment." E.I. DuPont De Nemours & Co. v. Pressman, supra at p. 443-444.

The Court in Pressman went on to acknowledge that the harm derived from the supervisor's creation of false grounds was the manufacturing a record in order to create a fictitious basis for termination. Id. The Complaint in this matter alleges exactly the

same facts as approved in Pressman, namely that the defendant created false grounds and manufactured a record in order to establish a fictitious basis for the plaintiff's termination, namely, as alleged in ¶12, that he violated policies and procedures of the defendant, when in fact, there was no evidence to support such a claim.

6. In the event that this Court believes that the factual allegations outlined above do not adequately plead the fraudulent conduct, this matter would then be controlled by Toner v. Allstate Insurance Company, 821 F.Supp. 276 (D.Del. 1993). In that case, while the Court approved dismissal of a complaint based upon a breach of the covenant of good faith and fair dealing, through failure to adequately plead fraud, the dismissal was coupled with a leave to amend (Id. at p. 285). Leave to amend at this time is appropriate given the fact that the defendant has never challenged the allegations brought in this complaint until now, almost one year after filing its motion to dismiss.

WHEREFORE, the plaintiff requests this Court to reconsider its decision of March 26, 2007 to dismiss Count III.

ABER, GOLDLUST, BAKER & OVER

/s/ Gary W. Aber
GARY W. ABER (DSB #754)
First Federal Plaza, Suite 600
702 King Street, P.O. Box 1675
Wilmington, DE 19899
302-472-4900
Attorney for Plaintiff

DATED: April 9, 2007