IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLYDE E. MEASE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-271-SLR |
| ) | |
| WILMINGTON TRUST COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 8th day of January, 2008, having reviewed defendant's motion for reconsideration;

IT IS ORDERED that said motion (D.I. 18) is denied, for the reasons that follow:

**1. Background.** On or about December 2, 2004, plaintiff was terminated from his employment with defendant. Plaintiff asserts in the instant litigation that such termination was pretext for age discrimination, in violation of the Age Discrimination Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 et seq. (D.I. 1, count I) Plaintiff concurrently asserted claims that he was terminated in violation of the Delaware Discrimination in Employment Act ("DDEA"), 19 Del. C. § 711 (id., count II), and Delaware common law, specifically, the covenant of good faith and fair dealing (id., count III) (collectively, the "State law claims"). Plaintiff's complaint was filed April 26, 2006. (Id.) Plaintiff asserted that the court has jurisdiction over his federal ADEA claim pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. (Id.)

In lieu of an answer, defendant filed, on May 17, 2006, a motion to dismiss the state law claims.[1] (D.I. 3) On June 27, 2006, plaintiff filed an amended complaint, in which he asserted that the court also has diversity jurisdiction over his claims pursuant to 28 U.S.C. § 1332, insofar as plaintiff is a Pennsylvania resident, defendant resides in Delaware, the acts giving rise to this action occurred in Delaware, and the amount in controversy exceeds $75,000. (D.I. 7 at ¶ 6) Defendant filed an answer to the amended complaint on July 19, 2006, in which defendant admitted to federal question and diversity jurisdiction, but denied that the court has supplemental jurisdiction over the state law claims. (D.I. 8) On March 26, 2007, the court granted defendant's motion to dismiss the state law claims. (D.I. 16) Specifically, the court declined to exercise jurisdiction over the state law claims insofar as: (1) Delaware law expressly provides that a plaintiff must "elect a Delaware or federal forum to prosecute the employment discrimination cause of action" and is "barred by this election of remedies from filing cases in both Superior Court and the federal forum," see 19 Del. C. § 714; and (2) the viability of common law covenant of good faith and fair dealing causes of action in the employment context has been called into question by the courts, for example, in Wilcoxon v. Red Clay Consolidated School District, 437 F. Supp. 2d 235, 246-47 (D.

---

[1] The court notes that, although defendant's motion was not limited to the state law claims on its face (D.I. 3), defendant presented arguments only with respect to the state law claims (D.I. 4); an answer to plaintiff's federal ADEA claim (count I) should have been provided.

2

Del. 2006). (D.I. 16) Plaintiff filed its motion for reconsideration on March 30, 2007.[2] (D.I. 18)

2. **Standard.** The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex-rel. Lou-Ann. Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Therefore, a court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when judgment was granted. See id.

3. **Discussion.** Plaintiff asserts that, since diversity jurisdiction was admitted by defendant, the court has jurisdiction over plaintiff's state law claims by reason of diversity jurisdiction even if it does not choose to exercise its supplemental jurisdiction. (D.I. 18 at ¶ 5) Notwithstanding, the court declines to exercise diversity jurisdiction in this case since, as discussed previously, Delaware law prohibits plaintiff from concurrently seeking remedies under federal and state law.[3] 19 Del. C. § 714.

In his motion, plaintiff characterizes his common law claims as an alternate

---

[2]Defendant responded on April 5, 2007 (D.I. 19); plaintiff thereafter filed a reply to defendant's response on April 9, 2007 (D.I. 20). Defendant moved to strike plaintiff's reply brief. (D.I. 21) Insofar as D. Del. LR 7.1.5 does not contemplate the filing of reply briefs in support for a motion for reconsideration, and plaintiff has not provided a response, the court grants defendant's motion to strike.

[3]The Third Circuit, having recently heard the appeal in Witcher v. Sodexho, Inc., No. Civ. A. 07-2166, 2007 WL 2510600 (3d Cir. Sept. 6, 2007), did not address the question of whether plaintiffs may bring an action under both the ADEA and DDEA. Id. at *1, n.1. Therefore, no change in the controlling law (or clear error of law) is present that could justify granting plaintiff's motion for reconsideration.

3

ground upon which relief may be granted in this case; if plaintiff were not the victim of employment discrimination, plaintiff asserts that he was terminated for other improper reasons such as "through fraud, deceit and/or misrepresentation, by falsifying employment records." (D.I. 18 at ¶ 9, citing Pressman v. E.I. Du Pont de Nemours & Co., 679 A.2d 436 (Del. 1997)[4]) As an initial matter, plaintiff's complaint is devoid of any reference to his claim that defendant falsified employment records. (D.I. 7) Notwithstanding, plaintiff does not allege that, when he began employment with defendant in 1983, he was induced into his employment relationship with defendant through any deceptive acts;[5] the crux of plaintiff's complaint is that he was terminated in 2004 without legitimate reason. (Id.) Plaintiff has not presented law or newly-available facts that could justify reversing the court's dismissal of count III.

                                                                               /s/ *signature*
                                                United States District Judge

---

[4]"An employer acts in bad faith when it induces another to enter into an employment contract through actions, words, or the withholding of information, which is intentionally deceptive in some material way to the contract." Pressman, 679 A.2d at 441.

[5]The court notes that it does not address whether plaintiff's claims pass the "particularity" requirement of Federal Rule of Civil Procedure 9, which arguments were first presented by defendant in its response to plaintiff's motion for reconsideration.

4