IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLYDE E. MEASE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-271 (SLR) |
| | ) | |
| v. | ) | |
| | ) | Trial By Jury Demanded |
| WILMINGTON TRUST COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

GARY W. ABER (DSB #754)
Aber, Goldlust, Baker & Over
First Federal Plaza, Suite 600
702 King Street, P.O. Box 1675
Wilmington, DE  19899
302-472-4900

DATED:  January 29, 2008          Attorney for Plaintiff

## ARGUMENT

### I. THE DISTRICT COURT DOES NOT HAVE DISCRETION TO REFUSE TO EXERCISE DIVERSITY JURISDICTION IMPOSED UPON IT BY CONGRESS UNDER 28 U.S.C. §1332.

**A.** **Factual History**: A complaint in this matter was filed on April 26, 2006 (Dk-1). Shortly thereafter, the defendant filed a motion to dismiss the State claims in Counts II and III (Dk-3). On June 27, 2006 the plaintiff filed an Amended Complaint (Dk-7) asserting that this Court had jurisdiction pursuant to the provisions of 28 U.S.C. §1332, based upon diversity of citizenship of the parties (Dk-7, ¶6). On July 19, 2006 the defendant filed an Answer to the Amended Complaint, admitting that this Court had diversity jurisdiction over the State claims.

On March 26, 2007 this Court entered a Memorandum Order dismissing all the State claims, including Count II (alleging discrimination under a State Statute, 19 Del.C. §714), and Count III (alleging state common-law claims), stating that the Court declined to exercise its supplemental jurisdiction.[1] On March 30, 2007, the plaintiff filed a motion for reconsideration (Dk-18) requesting the Court reconsider its Memorandum Order of March 26, 2007 (Dk-16), brining to the Court's attention the Amended Complaint and the defendant's Answer to it.

---

[1] Count III, alleged that the defendant's actions in removing the plaintiff from employment was in essence a breach of the covenant of good faith and fair dealing, as described by the Delaware Courts, Pressman v. E. I. DuPont de Nemours & Co., 679 A.2d 436 (Del. 1997), recognizing the application of the covenant of good faith and fair dealing, "...to act or acts of the employer manifested in bad faith or unfair dealing achieved by deceit or misrepresentation in falsifying or manipulating a record to create fictitious grounds **to terminate employment**." Id. at 443-444 (Emphasis Added).

On January 8, 2008 the Court denied the Motion for Reconsideration stating that "...the Court declines to exercise diversity jurisdiction in this case...". (Dk-42, p. 3).[2]

**B.    Applicable Law**:  It is axiomatic that a litigant in Federal Court can exercise their right to diversity jurisdiction under 28 U.S.C. §1332, as a matter of right. Rodriguez-Diaz v. Siera-Martinez, 853 A.2d 1027, 1034 (1st Cir. 1988).  The assertion of diversity jurisdiction leaves no discretion with the Court to accept or reject such jurisdiction:

> "The Court had diversity jurisdiction over the case, which is not discretionary.  Thus, the Court could not properly have eliminated the case from its docket whether by remand or dismissal.
> Carnegie - Mellon University v. Cahill, 484 U.S. 343, 356, 106 S.Ct.1614 (citing Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 98 S.Ct. 584, 46 L.Ed.2d 542 ([1996])(abrogated on other grounds: 517 U.S. 706)

In County of Alleghaney v. Frank Mashuda Company, 306 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959), the Supreme Court was faced with a question as to whether a District Court had the discretion to abstain from the exercise of diversity jurisdiction involving a State claim of improper governmental taking of plaintiff's property.  There, the Court held that the District Court could not refuse to discharge the responsibility imposed upon it by Congress under 28 U.S.C. §1332 "...to render prompt justice in cases where its diversity jurisdiction has been properly invoked." 306 U.S. 185 at p. 187.

---

[2] In making that statement the Court restated its reliance on 19 Del.C. §714, containing the Delaware Statutory Prohibition Against Age Discrimination, which the Court also held prohibited plaintiff from concurrently seeking remedies under both Federal and State Law, for discrimination.  Count III does not seek a remedy for discrimination, but rather for a breach of the contractual covenant of good faith and fair dealing, an independent state common law basis for plaintiff's claim concerning his termination of employment.

The Third Circuit Court of Appeals recognized these rules in <u>Scattergood v. Pearlman</u>, 945 F.2d 618 (3d Cir. 1991).  There, after the District Court had dismissed an original complaint for lack of Federal jurisdiction, the plaintiff sought to file an amended complaint to invoke the District Court's diversity jurisdiction.  There, the Court held that the District Court had abused its discretion in not allowing the plaintiffs to amend their complaint to allege diversity.  By comparison in the present case, the plaintiff here, had amended its complaint, as a matter of right under Rule 15(a), Fed.R.Civ. Proc., and the defendant had admitted that diversity jurisdiction had existed.

The Third Circuit had also acknowledged the fact that diversity jurisdiction results from a Congressional policy opening the doors of the Federal Courts to those individuals who can meet the requirements of the statute, and that they are entitled to invoke such jurisdiction.  <u>Baltimore Bank for Cooperatives v. Farmers Cheese Cooperative</u>, 583 F.2d 104, 112 (3d Cir. 1978).

> "As a general rules, Federal Courts have 'virtually the unflagging obligation' to exercise the jurisdiction given them.  <u>Colorado River Water Cons. Dist. v. U.S.</u>, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1975).  The mere presence of some technical issues or difficulty of law in this suit for goods sold and delivered is insufficient grounds for a Federal Court to relinquish diversity jurisdiction."  <u>Baltimore Bank for Cooperatives v. Farmers Cheese Cooperative</u>, supra, at p. 111.

Here, in the present case, the Court stated that it "...declines to exercise diversity jurisdiction..." (Dk-42, p. 3).  It is respectfully submitted that the Court did not have the discretion to decline diversity jurisdiction, once invoked by a litigant.  Rather, in such a situation:

> "The District Court is without discretion to remand or decline to entertain these causes of action.  Indeed, the District Court has a 'virtual unflagging' obligation to exercise jurisdiction over these claims. <u>Government

4

Employees Insurance Co. v. Dizol, 133 F.3d 1220, 1226 n.6 (9th Cir. 1998).

Even where state court proceedings are adequate to protect parties' rights, the Federal Courts have an obligation to exercise their diversity jurisdiction. St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590 95th Cir. 1994).

For these reasons, it is submitted that there is substantial grounds for this Interlocutory Appeal, and this appeal will materially advance the ultimate termination of this litigation, and, reduce the potential for multiple litigations in both the Federal and State Courts involving the dispute between the parties.

          Respectfully Submitted,

          /s/ Gary W. Aber
          GARY W. ABER (DSB #754)
          First Federal Plaza, Suite 600
          702 King Street, P.O. Box 1675
          Wilmington, DE  19899
          302-472-4900

DATED:  January 29, 2008          Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the attached pleading was sent via electronic mail to the following counsel on January 29, 2008:

>Sheldon N. Sandler, Esquire
>Young, Conaway, Stargatt & Taylor
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE  19899

>        /s/ Melissa A. Chionchio
>Melissa A. Chionchio
>Secretary to Gary W. Aber, Esquire