IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLYDE E. MEASE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-271-SLR |
| v. | ) | |
| | ) | |
| WILMINGTON TRUST COMPANY | ) | Trial By Jury Demanded |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

1.   **Background.** On January 29, 2008, Plaintiff filed a motion for certification of an interlocutory appeal of the Court's Memorandum Order dated January 8, 2008. (D.I. 43) That Order denied Plaintiff's motion for reconsideration of the Court's Memorandum Order dated March 26, 2007, which had granted Defendant's motion to dismiss Plaintiff's claim under the Delaware Discrimination in Employment Act, 19 Del. C. §§ 710-718 ("DDEA") and Plaintiff's common law claim for breach of the covenant of good faith and fair dealing. (D.I. 16) This is Defendant's memorandum of law in opposition to Plaintiff's motion.

2.   **Standard**. Under 28 U.S.C.S. § 1292(b), when entering an order, if a district court "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." There is no such statement in the Court's January 8, 2008 Order, but Plaintiff is apparently asking the Court to amend the order to so state.

2

     3.     **Discussion.** Rather than explaining why he believes the Order involved a controlling question of law as to which there is substantial ground for difference of opinion, and why an immediate appeal from the order may materially advance the termination of the litigation, Plaintiff simply asserts that there are "substantial grounds for this Interlocutory Appeal, and this appeal will materially advance the ultimate termination of this litigation." Pl. Memorandum (D.I. 44) at 5. To the contrary, however, there is no "substantial ground for difference of opinion" as to the merits of the state law claims, and the Court was correct in dismissing them. Plaintiff's motion is simply another effort to recharacterize his common law claim, an effort the Court has already rejected. An appeal would not materially advance the termination of the litigation; it would simply prolong litigation that has already been pending since April 26, 2006. (D.I. 1)

     Plaintiff claims that "the assertion of diversity jurisdiction leaves no discretion with the Court to accept or reject such jurisdiction." (D.I. 44 at 3) Plaintiff has misinterpreted the Court's ruling in several respects. In dismissing the Plaintiff's state law statutory discrimination claim, the Court explained that the DDEA gave the Plaintiff the choice of either pursuing his statutory state law remedy or his statutory federal law remedy. As the Court pointed out, "Delaware law expressly provides that a plaintiff must 'elect a Delaware or federal forum to prosecute the employment discrimination cause of action' and is 'barred by this election of remedies from filing cases in both Superior Court and the federal forum.'" (D.I. 42 at 2) Thus, the mere fact that the Court could theoretically assert diversity jurisdiction is immaterial; state law does not permit the plaintiff to pursue a remedy under the DDEA and a federal law remedy at the same time. Since Plaintiff has invoked the Age Discrimination In Employment Act, a federal remedy, the Court correctly ruled that his state statutory claim must be dismissed.

2

Likewise, diversity jurisdiction is immaterial to the question of the viability of Count III of the Amended Complaint, alleging a breach of the common law implied covenant of good faith and fair dealing, into which Plaintiff incorporated by reference his allegations of age discrimination. (D.I. 8, ¶ 24) Since Count III is nothing more than a recasting of Plaintiff's discriminatory discharge claim, the Court ruled correctly that the amended DDEA is the exclusive state law remedy for discrimination claims and that an implied covenant claim based on the same facts has no merit. (D.I. 42 at 2-4).

In his earlier motion for reconsideration, Plaintiff made the same argument he is now asserting, i.e., that he can bring a common law claim for supposed falsification of employment records. In its response to that motion, Defendant pointed out that this was a new contention by Plaintiff that he had not alleged in his Amended Complaint, and it was not permissible to recast his implied covenant claim at that late date. (D.I. 19 at 2-3). In its recent Memorandum Order, the Court accepted Defendant's argument and held expressly that "plaintiff's complaint is devoid of any reference to his claim that defendant falsified employment records."

Thus, the Court has entertained and rejected Plaintiff's state law claims on their merits. The Court has retained and will exercise jurisdiction over Plaintiff's federal law claim. Clearly, the most expeditious way of ultimately resolving this litigation is for the case to continue, rather than be complicated or delayed by an interlocutory appeal.

For all the reasons stated above, Plaintiff's motion for certification for interlocutory appeal should be dismissed.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Sheldon N. Sandler*
Sheldon N. Sandler (No. 245)
Teresa A. Cheek (No. 2657)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendant

Dated: February 6, 2008